Case 2019CV001158   Document 37   Filed 12-30-2019   Page 1 of 17

FILED
12-30-2019
Clerk of Circuit Court
Waukesha County
2019CV001158

STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY

---

GREENWALD FAMILY LIMITED PARTNERSHIP
1243 Fox River Court
Mukwonago, WI 53149

                                  Plaintiff,

v.                                           **Case No. 19-CV-1158**

VILLAGE OF MUKWONAGO
440 River Crest Court
Mukwonago, WI 53149

                                  Defendant.

---

## AMENDED COMPLAINT

Now comes GREENWALD FAMILY LIMITED PARTNERSHIHP and as and for its Amended Complaint against Defendant VILLAGE OF MUKWONAGO, states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff Greenwald Family Limited Partnership (the "Greenwalds") owns several undeveloped commercial and/or business properties in the Village of Mukwonago. Over the past two or more years, the Village, through its Village Administrator and otherwise, has engaged in a plan to thwart the ability of the Greenwalds to obtain value from and use their private undeveloped properties. The purpose of the Village's actions towards the Greenwalds has been to chill them in the exercise of their rights, deter any resistance by the Greenwalds to any development and/or land use plans or decisions made by the Village Administrator, and create a competitive advantage for the Village to the detriment of the Greenwalds. These actions are driven by and motivated solely out of an irrational and personal hostility and animus for the Greenwald family. There is no other conceivably plausible purpose for the Village's continuing series of actions designed to harm the Greenwald family and its holdings.

2. At the outset of this matter, the Village was attempting to condemn and take a strip of the Greenwald's property to construct a road. The road could open up certain currently landlocked and inaccessible parcels to commercial development including parcels owned and/or controlled by the Village.

3. The Greenwalds have continually objected to the Village's plan to take the strip of property. Since well before the commencement of this action, the Greenwalds have been seeking to negotiate with the Village in an effort to have the Village purchase a different strip of property, also owned by the Greenwalds and located very nearby. The Greenwalds are currently offering this alternative strip of property to the Village at no cost. The alternative layout for the new road would achieve the same access for the Village's properties. However, it would also open up access to a 47 acre parcel also owned by the Greenwald's.

4. During the lead up to the filing of the original complaint in this matter in June 2019, the Village refused to even meet with the Greenwalds. The Village also discouraged other private property owners and developers to meet with the Greenwalds during this period. And the Village has continually refused to even consider paying less or, more recently, to obtain the necessary property for the road through the Greenwalds nearby 47 acre property for free. The clear and obvious reason for this is that if the Village builds the road along the alternative route through the Greenwald's 47 acre parcel, *both* the 47 acre parcel and the Village's commercial parcels would become accessible and open to near term development. But the Village does not want to open up access to the Greenwald's 47 acre parcel. The Village has determined that it would rather spend more money to force the road through at the Village's preferred location than do something that would in any way benefit the Greenwalds. This action by the Village is not for any proper public purpose or public necessity but rather is for the sole purpose of harming the near term value of the Greenwald's 47 acre parcel, creating a competitive economic advantage

2

for the Village's nearby commercial properties, and driven and motivated solely out of animus towards the Greenwalds and not for any conceivable rational public or proper purpose.

5. The Village has through its official actions classified the Greenwalds and their private properties as a separate class of one, and done so for the specific intent of targeting and harming the Greenwalds and only the Greenwalds. The Village through its official actions, and primarily through the actions of its Village Administrator, are pursuing this course of action in an expressly hostile manner and solely out of animus to the Greenwalds, and further, knowing that its actions target and treat the Greenwalds differently from all other private citizens and property owners in the Village. The Village knows that its actions are specifically depriving the Greenwalds of equal protection and neutral application of the laws of Wisconsin and federal law included the equal protection clauses of both the State and U.S. Constitutions. The Village intends its actions to deprive the Greenwald's of these constitutional protections.

## PARTIES

6. Plaintiff, Greenwald Family Limited Partnership ("GFLP or the "Greenwalds") is a Limited Partnership established under Wisconsin law with its principal place of business located at 1243 Fox River Court, Mukwonago, WI 53149. The Greenwalds/GFLP own the property that was the subject of the Village's potential taking at the outset of this action and also own several other parcels in the Village.

7. The Village of Mukwonago is a municipal government established under Ch. 61 stats with it principal offices located at 440 River Crest Road, Mukwonago, Wisconsin, 53149.

## JURISDICTION

8. This matter and the claims herein are brought pursuant to Wis. Stats. §806.04, Wisconsin Const. Art.1. Sec. 1, the U.S. Constitution Amendment 14, 42 U.S.C § 1983 and other

3

applicable state and federal law. The subject properties are located within this County and the claims arise from actions taken by the Village.

## FACTS COMMON TO CLAIMS FOR RELIEF

9. The Village Board passed a resolution in September 2018 as the first formal step in taking a strip of the Greenwalds property located within a currently undeveloped 5 acre parcel on East Wolf Run in the Village (the "5 acre parcel").

10. The 5 acre parcel is located just east of Highway 43 near the Highway 83 interchange.

11. The Greenwalds own additional properties in the area of the 5 acre parcel including a undeveloped 47 acre parcel located at the end of East Wolf Run just a few hundred feet from the 5 acre parcel (the "47 acre Parcel"). An aerial photo of the area showing the two parcels is filed herewith as Exhibit A.[1]

12. The Village's resolution as passed on September 19, 2018 was a relocation order pursuant to Wis. Stats §§ 32.05 and 66.22. The resolution asserts that:

> The Village of Mukwonago hereby determines that it its necessary and a proper public purpose to construct a roadway and utility extensions [on] the property described in the attached Exhibit A..."

A true and accurate copy of the resolution is attached hereto as Exhibit B.

13. The findings by the Village of necessity and public purpose are erroneous and false.

14. There no public necessity for a road to be laid out and built through the 5 acre parcel as opposed to through other parcels. The Village's resolution and underlying factual basis for its finding of a public necessity contain nothing that supports a finding of public necessity.

---

[1] The aerial map in Exhibit A and also elsewhere notes one of the parcels as "40 acres," which is a typo. The "40 acre" parcel and "47 acre" are the same parcel. The "47 acre" parcel is the correct acreage and identifier.

4

15. Similarly, the finding that there is a public purpose of the road though the 5 acre parcel is erroneous and false.

16. The result of the road would be to provide access to certain currently landlocked parcels. However the true intent and purpose of pursuing the road through the 5 acre parcel at this time is to harm the Greenwald's private property rights and interests.

17. The Greenwalds sent a letter to the Village just 24 hours before the September 19th 2018 meeting wherein the resolution and relocation order was approved. A copy of the letter is filed herewith as Exhibit C.

18. As stated by the letter, the Greenwalds had only just found out (indirectly) that the Village was attempting to take its property through the 5 acre parcel. The Village only decided to commence the taking through the 5 acre parcel after it learned that the Greenwalds were working with a developer to improve the 5 acre parcel. There was no need to commence the taking in the fall of 2018 except to try to harm the Greenwalds.

19. The Village ignored the request by the Greenwalds to table the relocation order.

20. The Village's action to ignore the Greenwalds was intentional.

21. The Village ignored the Greenwalds request because the Village Administrator, with the acquiescence of the Village Board, had by that time determined that he would not engage with the Greenwalds, as he would with other property owners, regarding his plans for the road through the 5 acres, or more generally. This was due to his direct animus towards the Greenwalds and with the intent to make the Greenwalds understand that he was in charge of development in the Village, and further that the Greenwalds were viewed very disfavorably by the Village Administrator.

22. The intent and attitude towards the Greenwalds is demonstrated by its actions regarding the temporary taking of the land for the access road described above and through other past and recent actions of the Village.

23. The initial contact by the Village informing the Greenwalds that their property was to be taken was through a letter to the Greenwalds sent *after* the Resolution and Relocation order was approved. The Village never responded to the Greenwalds request to table the resolution. Instead it sent a letter on October 22, 2018 simply informing the Greenwalds that it was planning to take its property. A copy of the Village's letter is attached as Exhibit D.

24. The road through the 5 aces would create an access to a large parcel which parcel is to be developed into a mixed use project known as Maple Centre.

25. The Maple Centre parcels also contain at least two undeveloped commercial parcels owned and/or controlled by the Village.

26. A rendering showing the proposed Maple Centre project and the Village's parcels is filed herewith as Exhibit E.

27. The Greenwalds are in favor of the Maple Centre project but do not want their 47 acre parcel to continue to be landlocked after development of Maple Centre, or be required to obtain access to their 47 acre parcel only by obtaining permission from the Maple Centre owners.

28. The Greenwalds want to open up their 47 acre parcel to commercial development at the same time the Maple Centre development takes place because if they are prevented from doing so it will likely lay dormant for many years.

29. The Greenwalds attempted to meet with the Village Administrator in the weeks and months after the Village passed the Relocation Order resolution.

30. The Village Administrator refused to meet with the Greenwalds or their representatives between October 2018 and January 2019.

31. Eventually, the Greenwalds retained legal counsel to advise them on the controversy.

32. On February 13, 2019, the Village sent a statutorily required written offer to the Greenwalds for the strip of property through the 5 acres. A true and correct copy of the Village's original offer is filed herewith at Exhibit F.

33. On March 25, 2019, the Greenwalds by their Counsel filed a letter with the Village objecting to the Village's offer and the proposed taking. A true and correct copy of the March letter is filed herewith as Exhibit G.

34. The Village made no response.

35. On April 17, 2019 the Greenwalds by Counsel filed a second lengthy letter further detailing their objection to the proposed taking and explaining that the Village was not acting for a public purpose. A true and correct copy of that letter is filed herewith as Exhibit H.

36. The Village made no response.

37. On May 20, 2019 the Village issued and served a statutorily required jurisdictional offer on the Greenwalds for the strip of property. A true and accurate copy of the jurisdictional offer is filed herewith as Exhibit I.

38. The Greenwalds tried again to meet with the Village and filed a letter with the Village asking for a meeting and offering the alternative property through the 47 acres parcel at a discount. A true and accurate copy of that letter is filed herewith as Exhibit J.

39. Legal Counsel for the Village responded in a letter of June 11, 2019 rejecting a meeting and explaining that the Village was not in a position to change its plans. A true and correct copy of this letter is filed herewith as Exhibit K.

40. In a last attempt to try to resolve the dispute, counsel for the Greenwalds appeared at a Village Board meeting on June 19, 2019 and used the public comment section of the agenda to address the Village Board making comments and seeking to meet with the Village.

41. The Village made no response.

42. The Greenwalds had no option but to file this action in June 2019 to protect their rights and preserve the claims and defenses and remedies against the Village's effort to improperly take their property.

43. As described herein, the Village owns and/or controls several undeveloped commercial parcels in the Village including near the area of the Maple Centre Development and both the GFLP 5 acre and 47 acre parcels.

44. The Village is a governmental body and therefore was and is only permitted to obtain its interest in these properties under the auspices of pursuing legally permissible redevelopment plans within certain areas of the Village.

45. Instead of acting in accordance with applicable limits and controls regarding municipal development of what would otherwise be private property, the Village, through its Administrator and otherwise, has pursued actions and adopted an approach towards the Greenwalds as a competing land developer and, based on further review of communications by the Village Administrator, solely out of animus towards the Greenwalds and for no conceivably proper public purpose.

46. This attitude and intent towards the Greenwalds by the Village is of long standing and is motivated solely by animus and is related to the Village's intent and desire to, in effect, control the Greenwalds' use and development of their own private property and to punish them individually and differently than other citizens and property owners in the Village.

47. The initial subject of this action was the Village's attempt to condemn and take some of the Greenwald's property for use as a public road.

48. As the facts described above show, the true purpose of this road is not, as asserted by the Village, for a public necessity or to serve a public purpose. Rather, the sole purpose of the attempted and temporary taking was to thwart the development of other Greenwald properties located nearby and enhance the value and appeal of properties owned by the Village to the detriment of the Greenwalds.

49. As noted above, the road that the Village was pursuing through the 5 acre parcel would open up development to certain currently landlocked Village properties. However, those properties would also be made accessible if the Village would take a different strip of property located within the nearby 47 acre parcel also owned by the Greenwalds.

50. However, if the Village pursued the road through the Greenwald's 47 acre parcel, both the Village's parcels and the Greenwald's parcels would become accessible, and therefore developable and more commercially valuable.

51. If this approach was pursued, the Village would increase tax base and create more potential commercial development.

52. Moreover, the Village knows and believes that constructing a road through the 47 acre parcel is an appropriate and better course or action because the Village's own planning department previously acknowledged as much in a 2017 memorandum regarding future development in and around the Maple Centre properties. A true and correct copy of the 2017 memorandum is filed herewith as Exhibit L.

53. If the Village constructed the road through the 47 acre parcel, the Village's commercial parcels would then not be the *only* undeveloped commercial parcels available in the area. The Village would then be in competition with the Greenwalds.

9

54. Based on the above, and as further described herein, it is shown that in order to harm the Greenwalds, and out of animus so as to harm the Greenwalds, and thereby also enhance the value of its own properties, the Village is using its governmental powers under the takings and otherwise to harm the Greenwalds and so as to benefit the proprietary interests of the Village.

55. The Village's attempted and temporary taking of the Greenwald property through the 5 acre parcel was not for a permitted legal public purpose.

56. Immediately following the filing of this matter in June 2019, the Village initially continued to oppose any compromise with the Greenwalds.

57. The Village filed an answer to the Complaint including affirmative defenses on September 10, 2019.

58. Then in later September the Village unilaterally and without any agreement between the parties reversed its previous actions and re-conveyed the condemned property it had taken back to the Greenwalds.

59. This action at first blush, did not make sense.

60. However, the Village became aware as it began the process to take the strip of property from within the 5 acre parcel that the Greenwalds, and specifically GFLP, was involved in a contract with a separate private party for sale of the 5 acre parcel. As noted above, the desire to negatively impact that potential deal is part of the reason that the Village decided to take property through the 5 acre parcel.

61. The Village had also been engaging with the potential buyer of the 5 acre parcel during this period. As shown by open records obtained since the filing of this action, the Village was engaging with the potential buyer of the 5 acre parcel in an effort to avoid paying the Greenwalds and also acquire the land for the access road. *See Exhibit Q filed* herewith

10

62. The potential buyer notes that his contract to buy the 5 acre parcel contemplates the Greenwalds resisting taking of the property for the road and also that the potential buyer will cooperate in that effort. He then asks the Village Administrator how he can "fix this" and suggests selling the property to the Village after he acquires it from the Greenwalds. *See Exhibit Q.*

63. This scheme continued in process between the Village and the buyer of the 5 acre parcel at the time of the original filing of this matter and continued during the several weeks through during July and August 2019 thereafter.

64. The Village then determined that the closing on that sale of the 5 acre parcel would not go through because GFLP was intending to hold the potential buyer to its contract.

65. The Village determined to take another course of action and upon belief, had determined that it would be better for the Village's interests to have this matter first be dismissed. Based on this the Village unilaterally and against its interest re-conveyed the temporarily taken property back to the Greenwalds on September 23, 2019. *See Exhibit N filed herewith.*

66. After this action by the Village, the Greenwalds have sought assurance from the Village that it was not planning some other action to thwart the interest of the Greenwalds in particular that it would cease pursuing an access road through the 5 acre property or otherwise designed to harm the Greenwalds. That assurance was not provided.

67. Then in December 2019, review of public meeting agenda packets revealed that the Village had adopted a new approach. The Village had determined to spend large amounts of money to have engineers investigate whether the Village could construct the access road across property that was directly adjacent to the 5 acre parcel. As shown in *Exhibit O* filed herewith,

11

the Village is trying to construct the access road in essentially the same place as before but located a few feet to the north of the Greenwald's 5 acre parcel.

68. While at first blush this may seem somewhat clever in an acceptable way, the costs to construct such a road would be many times that required to construct the road over a conventional unimproved property. That is because the specific area the Village is focusing on is the bank of a detention pond that was constructed several year ago as part of managing stormwater run-off from nearby developed properties and lands. The irrationality of this idea is heightened when it is realized that the Village could acquire property to build a much cheaper access road through the 47 acre parcel for free.

69. This plan is being pursued out of animus towards the Greenwalds and highlights the Village's desire to avoid constructing the road through the Greenwald's 47 acre parcel located only a few hundred feet away because doing so would in part benefit the Greenwalds.

70. The added insult of this potential plan is that the Greenwalds donated the lands for the detention pond to the Village several years ago when interactions between the Village and the Greenwalds were being conducted more properly and lawfully by the Village.

71. The Village's animus and treatment of the Greenwalds has not been isolated to the area around the 5 acre and 47 acre parcels.

72. In 2015, a developer was attempting to develop an assisted living facility on property owned by the Greenwalds. The developer met with the Village Administrator to discuss the project. The Village administrator told the developer he would not get public (i.e. TIF financing) for his development if it included the Greenwalds property. The Administrator also emailed the developer and encouraged him to change his plans so as not to include the Greenwalds parcel. The Administrator also suggested to the developer to encourage an existing

tenant of the Greenwalds to break its lease with the Greenwalds and sign a lease with another owner that the Village Administrator favored.

73. In another instance the Greenwalds were attempting to acquire an 8 acre parcel and needed a Certified Survey Map approved by the Village. The Village delayed reviewing and approving the CSM. The deal fell through for the Greenwalds. However, within a month of this happening, the Village (using a survey prepared by the Greenwalds) purchased the same land from the owner. The Village then listed the property for sale with a commercial broker. The Village then sold the property at a $500,000 discount to the other developer and a new development was soon underway at the property.

74. In another instance the Greenwalds had contracted with a franchisee and construction contractor to develop and build an Arbys restaurant on some Greenwald property. After the contract was signed the Village Administrator contacted the contractor and encouraged them to build the restaurant on a parcel that the Village owns. That did not happen and later when the Greenwalds requested assistance from the Village through the TIF program it was denied.

75. Another instance involved the 5 acre parcel at issue here. Several years ago, a developer (not the current Buyer referenced herein) was in negotiations with the Greenwalds to develop senior housing on the 5 acre parcel. As part of that project, the developer met with Village officials to discuss the project and determine the Village's concerns. The developer later reported back to the Greenwalds that the Village administrator had not given guidance on doing the development on the Greenwald parcel but instead focused on convincing the developer to switch his project to a parcel owned by the Village.

76. Open records obtained since the initial filing of this matter show the boldness of the Village in implementing its animus towards the Greenwalds. In February 2018, as part of

developing the property located adjacent to the Greenwald's 5 acre parcel and the 47 acre parcel, the Village Administrator sought an agreement from the owners of the potential Maple Centre development that it give the Village a Right of First Refusal. A Right of First Refusal is a contractual mechanism used by private property owners to add value to their property interests. The Village is a public body but despite that was seeking a Right of First Refusal for itself to buy property that was ultimately undeveloped as part of the Maple Centre project. However, the Village sought that Right of First Refusal against only a single other property owner – the Greenwalds. Or, as described in the emails, the "Greenwald family." *See Exhibit P filed herewith.*

77. Even more recently, the Village is seeking to specially assess two Greenwald properties to cover costs of development of a road and water and sewer infrastructure located at the intersection of Highway 83 and Chapman road in the Village. However, the Greenwald parcels that are being specially assessed already have road access and on-site well and septic. They will not receive any benefit from the road or the utilities that have been or will be built. Moreover, the Village is charging the Greenwalds disproportionately more than it is charging other similarly situated properties that are covered by the putative special assessment district.

78. These actions and the Village's recent determination to try to take the Greenwalds property though the 5 acre parcel without any interaction with the Greenwalds is consistent with its past treatment of the Greenwalds and with the Village's direct animus towards the Greenwald family.

### FIRST CLAIM FOR RELIEF
### (Violation of State Constitutional Guaranty
### of Equal Protection and Due Process)

79. The allegations above are incorporated into this claim for relief.

80. The Wisconsin Constitution guaranties citizens and private property owners within the State equal protection of the laws.

81. Governmental entities including the Village of Mukwonago are not permitted to act in violation of the State Constitution in carrying out and enforcing local law.

82. The Village is not permitted to classify certain citizens or property owners into a separate class that contains only that citizen or property owner for the specific purpose of imposing hostile treatment upon and explicitly treating that citizen or property owner differently and unequally from other similarly situated citizens or property owners when motivated by an improper animus towards that citizen or property owner, and for no conceivable proper public purpose.

83. The Village, buy its actions as described above and related to several properties owned by Plaintiff, has engaged in and is engaging in a systematic effort to harm the rights and property interests of the Greenwalds and GFLP.

84. The Village is acting towards the Greenwald's and GFLP as described herein solely out of animus and otherwise for no rational or appropriate public purpose.

85. The actions of the Village have and are causing economic damages to GFLP for which the Village is responsible.

86. GFLP has the right pursuant to 42 U.S.C. § 1983 and otherwise as provided by Wisconsin law to pursue its claims arising from the Village's violation of GFLP's constitutional rights to equal protection and due process of law, and to seek damages in accordance with law and by these allegations does hereby seek the remedies described above and as otherwise provided by law.

## SECOND CLAIM FOR RELIEF
(Tortious interference with Contract)

87. The allegations above are incorporated into this claim for relief.

88. Through its actions described herein, including its actions related to the potential sale by GFLP of the 5 acre parcel, the Village has improperly interfered with the contract between GFLP and the buyer of the 5 acre parcel.

89. The Village has acted to interfere with that contract intentionally and with the intent to harm the Greenwalds.

90. The Village has no legal justification for its actions taken to interfere with the GFLP contract regarding the sale of the 5 acre parcel.

91. The Village's interference has caused damages to GFLP in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Federal constitutional guaranty of equal protection and due process of law under 14th amendment)

92. The allegations above are incorporated into this claim for relief.

93. The Federal Constitution, pursuant to the 14th Amendment and applicable law, guaranties citizens and private property owners equal protection of the laws.

94. Governmental entities including the Village of Mukwonago are not permitted to act in violation of the Federal Constitution in carrying out and enforcing local law.

95. The Village is not permitted to classify certain citizens or property owners into a separate class that contains only that citizen or property owner for the specific purpose of imposing hostile treatment upon and explicitly treating that citizen or property owner differently and unequally from other similarly situated citizens or property owners when motivated by an improper animus towards that citizen or property owner and for no conceivable proper public purpose.

96. The Village, buy its actions as described above and related to several properties owned by Plaintiff, has engaged in and is engaging in a systematic effort to harm the rights and property interests of the Greenwalds and GFLP.

97. The Village is acting towards the Greenwald's and GFLP as described herein solely out of animus and otherwise for no rational or appropriate public purpose.

98. The actions of the Village have and are causing economic damages to GFLP for which the Village is responsible

99. GFLP has the right pursuant to 42 U.S.C. § 1983 and otherwise as provided by law to pursue its claims arising from the Village's violation of GFLP's constitutional rights to equal protection and due process of law and to seek damages in accordance with law and by these allegations does hereby seek the remedies described above and as otherwise provided by law.

**WHEREFORE,** Plaintiff, requests that the Court:

1. Enter Judgment against the Village after trial of the facts that the Village is acting for a non-public purpose, contrary to its powers and in violation of the State and/or Federal Constitutions' guaranties of equal protection of the law towards Plaintiff;

2. Enter Judgment against the Village after a trial of the facts that the Village has improperly interfered with the Plaintiff's contract for the sale of the 5 acre parcel described herein;

3. Award of costs and attorneys fees as permitted by 42 U.S.C. § 1983 and otherwise as provided by law and such other relief as determined just and appropriate by the Court.

Dated this 30th day of December, 2019

                                            *Electronically Signed by Joseph R. Cincotta*
                                            Joseph R. Cincotta
                                            State Bar No. 1023024
                                            Attorney for Plaintiff

**P.O. Address:**
400 East Wisconsin Avenue
Suite 205
Milwaukee, WI 53202
414-416-1291
Jrc4@chorus.net